IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN C. HUMPHREYS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 12-cv-06261 |
| FEDERAL NATIONAL | : | |
| MORTGAGE ASSOCIATION, | : | |
| Defendant. | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                                         **January 30, 2014**

Plaintiff Brian Humphreys brings this lawsuit against defendant Federal National Mortgage Association (Fannie Mae) for alleged violations of the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA). The defendant moves to dismiss the complaint for failure to state a claim. For the forgoing reasons, I will grant the defendant's motion.

**I. BACKGROUND**

The facts the plaintiff asserts are simple. In August 2012, the plaintiff obtained his consumer credit report from Equifax. The report indicated that the defendant had obtained a copy of the plaintiff's credit report on May 29, 2012. The plaintiff alleges that he had no business dealings with the defendant nor gave his consent to the defendant to acquire his credit report. The plaintiff sent a letter to the defendant on August 21, 2012 asking why the defendant had accessed his report. He alleges he received no response to this inquiry.

On November 3, 2012, the plaintiff filed this complaint *pro se*, claiming that the defendant is in violation of the FCRA and FDCPA. The defendant moves to dismiss under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon with relief can be granted.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.[1]  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim.  Conley, 355 U.S. at 47.  Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.  The "complaint must allege facts suggestive of [the proscribed] conduct."  Twombly, 550 U.S. at 564.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal

---

[1] In deciding a motion to dismiss, the court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  The court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss.  Id.

evidence of" those elements.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

    A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Service Center, 464 F.3d 450, 456 (3d Cir. 2006)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III. DISCUSSION[2]

#### a. FCRA § 1681b and § 1681n

    The plaintiff bases his FCRA claim on § 1681b, which explains what purposes are permissible for those obtaining or using a consumer's credit report.[3] He claims that "[t]here was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report" under FCRA, 15 U.S.C. § 1681b.[4] In its motion to dismiss, the defendant explained that it obtained the plaintiff's credit report in connection to its purchase of the plaintiff's mortgage from Wells Fargo on May 1, 2008. Therefore, it had a permissible purpose for obtaining the report under § 1681b(a)(3)(A) and is not in violation of the FCRA.[5]

---

[2] This court has jurisdiction under 15 U.S.C. §1681p, 28 U.S.C. §1331, and 15 U.S.C. § 1692k(d). Venue is appropriate because a substantial part of the occurrences giving rise to the action occurred in this district. 28 U.S.C. § 1391.

[3] Specifically, the plaintiff alleges that the defendant "had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty in failing to do so." Compl., Doc. No. 3 at ¶ 26.

[4] Id.

[5] The defendant also argues the plaintiff should be judicially estopped from alleging he had no business dealings with Fannie Mae because he asserted in a separate action that Fannie Mae had purchased his mortgage from Wells Fargo on May 1, 2008. See Defendant's Motion to Dismiss, Attachment #2, Ex. A to Memorandum (Third Am. Compl. in Virginia L. Humphreys, et al. v. Wells Fargo, N.A., et al., 11-cv-6361, E.D.Pa.). Judicial estoppel is when "a party to litigation will not be permitted to assume inconsistent or mutually contradictory positions with respect to the same matter in the same or a successive series of suits." Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 361 (3d Cir. 1996). In order to find that judicial estoppel is an appropriate remedy, a court must find both that: 1) the party's present position is inconsistent with a position it asserted in another proceeding; and 2) if so, that the inconsistent positions were asserted in bad faith. Id.

15 U.S.C. § 1681b(a)(3)(A) states that "any consumer reporting agency may furnish a consumer report... [t]o a person which it has reason to believe-- intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer…."[6]

The plaintiff admits that his mortgage was purchased by the defendant from Wells Fargo in May 2012, a transfer he was unaware of until after it happened and one to which he did not consent.[7] If the defendant did purchase the plaintiff's mortgage, as the plaintiff concedes, the defendant would be permitted to access the plaintiff's credit report under § 1681b(a)(3)(A) in order to review the account in connection with a credit transaction, namely the mortgage.[8]

---

The complaint in the plaintiff's action against Wells Fargo (11-cv-6361) does indicate that the plaintiff was aware as of June 12, 2012 (the filing date) that Fannie Mae had purchased his mortgage from Wells Fargo on May 1, 2008. Defendant's Motion to Dismiss, Attachment #2, Ex. A to Memorandum (Third Am. Compl. in Virginia L. Humphreys, et al. v. Wells Fargo, N.A., et al., 11-cv-6361, E.D.Pa.) at ¶ 17. However, that complaint also indicates that the plaintiff was unaware of and did not consent to this transfer. Id. at ¶ 8-13. This point seems to be the crux of both complaints. If the plaintiff did not consent to this transfer nor was aware of it until after he obtained his consumer credit report, it would be fair to say that he, in fact, did not have direct business dealings with the defendant. Under this reasoning, the plaintiff's statement is consistent with his previous filing or, in the least, was not made in bad faith. Therefore, I am unpersuaded that both prongs are met and that judicial estoppel is an appropriate remedy.

[6] Section 1681b(a) is subject to subsection (c) which provides limitations on furnishing reports in connection with credit or insurance transactions that are not initiated by the consumer. The plaintiff does not assert that the defendant violated the FCRA provisions under subsection (c), though this argument might be implied. While he could contend that he did not agree to do business with Fannie Mae via a transfer of his mortgage, he does not contend that the credit transaction—his mortgage—was not one initiated by him, the consumer. Therefore, even affording his allegations the utmost deference as his *pro se* status requires, I see no basis in his complaint for finding that subsection (c) would implicate liability on the part of the defendant.

[7] See Plaintiff's Memorandum of Law in Opposition to the Defendant's Motion to Dismiss, Doc. No. 9 at 4.

[8] At the heart of this dispute and the plaintiff's other complaint against Wells Fargo (11-cv-6361) is the plaintiff's contention that he did not consent to nor was made aware of the transfer of his mortgage from Wells Fargo to Fannie Mae. Whether that transfer was proper would be governed by the terms of the mortgage, contract law, or laws related to mortgages, not the FCRA. The plaintiff has already addressed the possible illegality of this transfer in his complaint against Wells Fargo. Any remedies for an improper transfer between Wells Fargo and Fannie Mae would come from the legal sources asserted in that suit, not from the FCRA.

Thereby, the defendant would have a permissible purpose for obtaining the credit report.[9] Given that, the plaintiff fails to assert a violation of the FCRA and offers no evidence that the defendant should be found liable under FCRA.[10]

### b. FDCPA § 1692f(1)

The plaintiff's also asserts that the defendant violated § 1692f(1) of the FDCPA simply because the defendant obtained his credit report from Equifax.[11] The defendant argues that the plaintiff's FDCPA claim fails because the plaintiff does not allege it is a debt collector nor do the factual allegations support the conclusion that it is a debt collector for the plaintiff. I agree.

The FDCPA applies only to "debt collectors," not creditors. Pollice v. Capital Asset

---

[9] The plaintiff also argues that even if the defendant did truly own the right to collect on his mortgage, "it had already transferred all of its rights, title and interest to the FHFA prior to its procurement of the credit report addressed here." Plaintiff's Memorandum of Law in Opposition to the Defendant's Motion to Dismiss, Doc. No. 9 at 4. This argument—though creative—misinterprets the relationship between the FHFA and Fannie Mae.

The defendant explained in its reply that the FHFA (or Federal Housing Finance Agency) did not actually own the defendant's assets but instead served as a conservator for those assets under the Housing and Economic Recovery Act of 2008 (HERA, 12 U.S.C. § 4501 et seq.). The defendant cites to Herron v. Fannie Mae, 857 F.Supp.2d 97, 90, 93-94 (D.D.C. Apr. 20, 2012), which explains the relationship between the FHFA and Fannie Mae after HERA. The FHFA, as conservator of Fannie Mae, simply "stepped into the shoes" of Fannie Mae in order to preserve and conserve its assets; however, that control was not meant to be permanent. Instead, FHFA was only meant to manage Fannie Mae's assets until Fannie Mae, "a troubled institution," was able to return to normal business operations. Id. at 90. See also 12 U.S.C. § 4617 (explaining the conservatorship process).

For these reasons, Fannie Mae retained control of the plaintiff's mortgage, even if the FHFA was serving as its conservator. If it had obtained the plaintiff's credit report during this time, it would still have the right to do so as the owner of his mortgage. While it is understandable that the plaintiff may not have understood the respective rights of the FHFA and Fannie Mae, his argument has no legal basis.

[10] The plaintiff's basis for statutory damages is found in 15 U.S.C. § 1681n, which provides that liability for a user " who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater." This section would only apply if the defendant did not have a permissible purpose for obtaining the plaintiff's credit report. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., Civ. A. No.. 06-5118, 2007 WL 2306578, at *4 (E.D.Pa. Aug. 9, 2007)(citations and quotations marks omitted).

[11] FDCPA § 1692f(1) states that:

   A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
   (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Research Corp., Ltd., 225 F.3d 379, 403 (3d Cir. 2000). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another." 15 U.S.C. § 1692a(6). From what the plaintiff has asserted in his complaint, there is no indication that the defendant was a debt collector within the meaning of the statute.[12] The plaintiff does not allege any actions by the defendant that could be construed as attempts to collect a debt of another. Furthermore, if the defendant purchased the plaintiff's mortgage—as the plaintiff concedes—the defendant would then be the plaintiff's creditor, not a debt collector, and the FDCPA would not apply. For these reasons, the plaintiff's allegations fail to assert an FDCPA violation.

## IV.   CONCLUSION

For the reasons stated above, I will grant the defendant's motion and dismiss the plaintiff's complaint in its entirety.

An appropriate Order follows.

---

[12] Even giving the plaintiff's claims the utmost deference as a *pro se* plaintiff, I do not find that the plaintiff has offered the factual allegations to support his legal argument. Given that the plaintiff's mortgage—a debt which would likely be collected upon—was transferred from Wells Fargo to the defendant, one might think that the defendant had become a debt collector for Wells Fargo. If Wells Fargo had retained its rights in the debt and then the defendant tried to collect the debt, there may be some merit to this argument. However, this is not what is the record asserts. As the plaintiff concedes, his mortgage was *sold* to the defendant. If the defendant purchased Wells Fargo's rights as a creditor, it would then become the creditor for the plaintiff's mortgage and would not simply be collecting the debt for Wells Fargo.